## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Antonino Garcia Alvarez, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-3996-AT |
| | ) | |
| v. | ) | |
| | ) | |
| Buffet King, Inc., | ) | |
| Buffet King of Brookhaven, Inc., | ) | |
| and Yong Rong Li, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## EXHIBIT A TO JOINT MOTION
## TO APPROVE SETTLEMENT

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into this **14th** day of September, 2017 by and between Buffet King of Brookhaven, Inc. and Yong Rong Li ("Defendants") and Antonino Garcia Alvarez ("Plaintiff") (each also a "Party" and collectively the "Parties").

WHEREAS, Plaintiff contends that he was employed as a dishwasher by Defendants and Buffet King, Inc. from 2013 to October 2016; and

Plaintiff filed an action under the Fair Labor Standards Act ("FLSA") against Defendants and Buffet King, Inc. in United States District Court for the Northern District of Georgia entitled *Antonino Garcia Alvarez v. Buffet King, Inc., Buffet King of Brookhaven, Inc. and Yong Rong Li*, 1:16-CV-03996-AT in which Plaintiff seeks minimum and overtime wages under the FLSA as well as attorneys' fees and costs of litigation; and

WHEREAS, Defendants contend that neither Buffet King, Inc. or Buffet King of Brookhaven, Inc. is subject to enterprise coverage under the FLSA due to not grossing more than $500,000 per year in any year in which Plaintiff contends he was employed by Defendants; and

WHEREAS, Defendants contend that Buffet King of Brookhaven, Inc. is not a successor to Buffet King, Inc. as alleged by Plaintiff; and

WHEREAS, Defendants contend that Plaintiff was employed only from July, 2015 to October, 2016 and not from 2013 to October, 2016 as Plaintiff contends; and

WHEREAS, Plaintiff contends that he worked on average over 59 hours per week and Defendants contend that he worked at most 48 hours per week that it has paid Plaintiff all amounts owed to him in wages; and

WHEREAS, a *bona-fide* dispute exists between the Parties as to liability under the FLSA as well as amounts which may be owed under the FLSA; and

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

**(1)**   The Parties must sign this Agreement for it to become effective.   Further, the "Effective Date" of this Agreement shall be the date the Court approves the Parties' settlement as set forth herein.   If the Court does not so approve the Parties' settlement, this Agreement is null, void, and of no effect, and neither party shall rely upon or refer to this Agreement, or the terms hereof, for any purpose in the Action.

**(2)**   In consideration of the mutual execution of this Agreement, the undertakings herein, Plaintiffs' dismissal of the Action with prejudice, and the agreement to be legally bound, Defendants agree to pay or cause to be paid the gross amount of Twenty Thousand Dollars ($20,000) of which Ten Thousand Dollars ($10,000) represents wages and liquidated damages and

Ten Thousand dollars represents attorneys' fees and costs (the "Settlement Amounts"), provided that the Court in the Action approves the Parties' settlement as outlined herein. The above amounts will be paid as follows:

(a) **First payment:** Within fourteen (14) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(b) **Second Payment:** Within forty-five (45) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(c) **Third Payment:** Within seventy (70) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(d) **Fourth and Last Payment:** Within one hundred five (105) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP".

**(3)**     Defendants Buffet King of Brookhaven, Inc. and Yong Rong Li are jointly and severally liable for any breaches of this Agreement by Defendants.

**(4)**     If any payments due to Plaintiff are not made at the time they are due, such payments are late. In such event, Plaintiff shall notify Defendants of the lateness of the payment. It is expressly understood and agreed that if a payment is not made in full within five (5) business days after notification of the lateness by Plaintiff, such failure to make the payment shall be deemed a "Default" by Plaintiff of Defendants' obligations pursuant to this Agreement, and that this Agreement may be terminated and cancelled by Plaintiff at his sole option and in his sole discretion, and that Plaintiff may seek to collect the full amount of the unpaid settlement proceeds by any legal means available to him. Any and all notices of lateness, including notice that this Agreement is terminated, must be sent by courier, email or facsimile to:

> Mitchell D. Benjamin
> DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC

3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
(404) 879-3150
(770) 859-0754 Facsimile
benjamin@dcbflegal.com

All such notices must be capable of proof that such notice was received.

(5)     It is further agreed that Defendants shall be liable for all reasonable collection costs incurred in event Defendants default in making any payment required by this Agreement, including attorneys' fees and costs. Except as provided herein, the Parties agree to be responsible for their own costs and expenses including attorney fees. To the extent any taxes are owed, Plaintiff hereby acknowledges that he will be individually responsible for the payment of those taxes.

(6)     The Parties represent that there are no additional administrative charges, lawsuits, civil actions or claims of any kind pending against one another, their predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff expressly acknowledges that upon his actual receipt of all amounts set forth in Paragraph 2 hereof, he has been compensated for his claims and that, to the extent any administrative agency seeks further recovery, that, by virtue of this Settlement Agreement, he would not be entitled to any further compensation.

(7)     This Agreement does not constitute an admission by any Party of any wrongdoing with regard to Plaintiff's employment or of any violation by any Party of any federal, state or local law, ordinance or regulation or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

(8)     Except for those obligations of the Parties set forth expressly and specifically below, the Parties do hereby irrevocably and unconditionally release and discharge forever each other from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were or could have been brought in this action, including the Fair Labor Standards Act ("FLSA") or similar Georgia state statutes. Based on this Agreement, Plaintiff expressly releases any claims he has or may have under the FLSA. It is expressly acknowledged that this release applies to Buffet King, Inc. and Xiu Cong Chen as well as Defendants.

(9)     Nothing in the preceding paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the Parties is a Specific Release to be broadly construed under the FLSA, and that Buffet King, Inc., Xiu Cong Chen, Buffet King of Brookhaven, Inc. and Yong Rong Li, their employees, agents, successors, officers, and directors are hereby released by this Agreement for all wage claims which were or could have been brought in this FLSA action.

**(10)**     Plaintiff agrees to draft the Joint Motion to Approve FLSA Settlement which shall be approved by Defendants' counsel as to form and content prior to filing it with the Court.

**(11)**     If any provision of this Agreement or the application thereof, except the payment provision set forth in Paragraph 2 and/or release set forth in Paragraphs 8 and 9 is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the payment provision set forth in Paragraph 2 and/or the release set forth in Paragraphs 8 or 9 is declared invalid or unenforceable in whole or in part, the Agreement shall be null and void.

**(12)**     Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

**(13)**     This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

**(14)**     This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

**(15)**     This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law. The parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the state or federal courts sitting in or for Fulton County, Georgia.

**(16)**     No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

**(17)**     The Parties agree to jointly submit this Agreement to the Court for approval and to take all reasonable actions consistent with this Agreement, the Court's rules, and applicable ethical rules to obtain approval.     Within three days of his receipt of all Settlement Amounts, Plaintiff shall file a Stipulation of Dismissal pursuant to Rule 41(a)(ii) dismissing the Action with prejudice, and with the Parties bearing their own costs; provided, however, that the Court shall retain jurisdiction to enforce this settlement.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

## [SIGNATURES ON FOLLOWING PAGES]

This __14__ day of September, 2017.    A Б

_____
Antonino Garcia Alvarez

**Buffet King of Brookhaven, Inc.**

ᐯong Rong                              Date: 9/7/17
By: YONG RONG LI, who is authorized to execute this
Agreement on its behalf.

**YONG RONG LI**

Yong Rong                              Date: 9/7/17