UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Antonino Garcia Alvarez, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Buffet King, Inc., ) <br> Buffet King of Brookhaven, Inc., ) <br> and Yong Rong Li, ) <br> ) <br> Defendants, ) <br> _____ ) | Case No. 1:16-cv-3996-AT |

## DECLARATION OF GORDON VAN REMMEN

The undersigned Gordon Van Remmen, as one of Plaintiff's counsel, makes the following declaration under oath:

1. I am Gordon Van Remmen, one of Plaintiff's counsel in the above-styled action. I am above the age of eighteen (18) years and am a resident of the State of Georgia. I am competent to give all of the testimony contained in this Declaration and all of it is based upon my personal knowledge.

2. Plaintiff alleges that he performed services and was employed by Defendants' restaurant as a dishwasher and kitchen helper. Plaintiff alleges he was employed by Defendants for three (3) years before the filing of this lawsuit, from October 2013 to October 2016. Defendants contend that Plaintiff was employed only from July 2015 to October 2016.

1

3. Plaintiff alleges that Defendants treated Plaintiff as an exempt employee and did not pay him overtime for hours worked over forty (40) hours per week. Plaintiff contends that he should have been treated as a nonexempt employee and paid overtime for hours worked over forty (40) hours per week. Plaintiff also alleges Defendants failed to pay him the proper minimum wage for all hours worked.

4. Defendants contend that neither Buffet King, Inc. or Buffet King of Brookhaven, Inc. is subject to enterprise coverage under the FLSA due to not grossing more than $500,000.00 per year in any year in which Plaintiff contends he was employed by Defendants.

5. Plaintiff contends that he worked on average over fifty-nine (59) hours per week and Defendants contend that he worked at most forty-eight (48) hours per week that it has paid Plaintiff all amounts owed to him in wages.

6. Without admitting any wrongdoing, Defendants desire to resolve all claims, complaints and causes of action between itself and Plaintiff that they now or in the future may allege to have against Defendants.

7. Plaintiff filed suit on October 26, 2016 and served extensive discovery including five (5) third party subpoenas to multiple banks, a credit card processing company, and food service providers. Plaintiff's counsel reviewed thousands of pages of bank records (including statements, cancelled checks, and deposits), food service invoice records, credit card processing records, and served first and second

interrogatories and first and second document requests, responded to extensive discovery, and consulted with financial experts relating to revenue issues. Plaintiffs engaged private investigators relating to the issues of the case. Plaintiffs also deposed Defendant Li on August 25, 2017. After analyzing records produced, Plaintiff's counsel determined that there would be significant difficulty in proving damages and jurisdiction under the FLSA, and that a zero recovery was possible.

8. Counsel for Plaintiff and Defendants reached a settlement through arm's length negotiations between them relating to the merits of the claims, and defenses, which included FLSA exemption, non-willfulness, and alleged agreement that the employer allocated part of the wages paid as overtime. Plaintiff and Defendants, and their respective attorneys, have discussed and consider the facts, have carefully calculated actual and potential damages and liability, have judiciously allocated same as set forth in the Settlement Agreement, and find the Settlement Agreement to be fair and reasonable. The parties were able to reach a reasonable agreement to resolve all claims for payments of the following:

    (a) $10,000.00 to Antonino Garcia Alvarez for alleged unpaid wages; and

    (b) $10,000.00 to Plaintiff's counsel for attorney's fees and costs.

9. The $10,000.00 to Plaintiff's counsel, Hall & Lampros, LLP, is based on reasonable costs of $3,3960.02 (for filing fee, service of process, private investigator, and deposition/interpreter fees) and a reasonable lodestar value of hours

worked of $45,375.00 that Plaintiff' counsel has reduced to $6,603.98 (approximately an 85% reduction). *See*, Exhibit 2- Fee Summary. Plaintiffs' counsel makes no charge for copy costs, mail, or other similar expenses.

10. At all times, the Parties negotiated the amount of damages separately from the amount of attorneys' fees and costs.

11. The $10,000.00 payment to Plaintiff is approximately 80% of Plaintiff's counsel's calculated actual overtime damages. Defendants dispute Plaintiff's counsel's calculated damages as well as liability for any damages in this case. To the extent that there would be any liability, Defendants asserted that the damages would be significantly lower than Plaintiffs' counsel's calculations.

12. As set forth in the proposed Settlement Agreement, attached as **Exhibit 1**, this settlement will resolve the claims set forth in this lawsuit as well as any other claims Plaintiff may have against Defendants through the date Plaintiff executes the Settlement Agreement.

13. The Parties expressly agree that the Settlement Agreement between the Parties (the "Agreement") represents a fair and equitable resolution of this matter and is in the best interests of the parties.

14. As noted above, extensive discovery and document analysis allowed the parties to evaluate Plaintiff's potential damages. Based on these potential damages and the risks involved for both parties, all parties, after consultation with their

experienced counsel, believe that the proposed Agreement is fair and in each party's best interest.

## ATTORNEYS' FEES AND COSTS

15. As stated above, the settlement provides payment of $10,000.00 in attorney's fees and costs to Hall & Lampros, LLP ($6,603.98 in attorney's fees and $3,3960.02 in costs). The attorney's fees is a reduction of approximately 85% from the Hall & Lampros, LLP's actual fees.

16. The summary attached as **Exhibit 2** was prepared from contemporaneous billable time records maintained in the normal course of the Plaintiff's counsel's firm business. Plaintiff's counsels' lodestar for reasonable attorneys' in prosecuting this action as of September 15, 2017 was $45,375.00. Since that time additional fees have been incurred in the prosecution of this matter.

17. Plaintiff's counsel undertook risk in the case by taking the matter on a contingency basis and, thus, were not guaranteed any payment for fees. Plaintiff's counsel have not been compensated for any time nor had any expenses reimbursed since the litigation began.

18. Under the legal services agreement between Plaintiff and Plaintiff's Counsel, Plaintiff's Counsel is entitled to receive attorneys' fees recovered from the defendant(s) pursuant to any fee-shifting provisions of the applicable law or pursuant to a settlement that specifically sets aside attorneys' fees to be paid the Attorneys, or

1/3 of the total amount recovered, whichever is greater.

19. The total costs incurred to date are $3,3960.02 and include the filing fee, service of process, a private investigator, and deposition/interpreter fees. Plaintiff's counsel have not charged for copies, mail, or other similar office expenses.

20. Plaintiff's counsel communicated to Defendants' counsel that it sought to settle the damages claim and submit a fee application to the Court for determination of fees and costs. Plaintiff's counsel was able to secure a settlement satisfying the authority granted by Plaintiff and was willing to resolve attorney's fees and costs by fee application. In the end, the parties were able to reach a global settlement. As part of this settlement, Plaintiff's counsel compromised their fees claim by approximately 85%.

21. Hall & Lampros, LLP lawyers have extensive experience litigating complex cases including serving as lead or co-lead counsel in the following cases: *Blessing v. Sirius XM Radio, Inc.*, No. 1:09-cv-10035 (S.D.N.Y.) (co-lead counsel representing class in antitrust, breach of contract and consumer protection class action resulting in settlement valued at $180 million on behalf of class); *Americo Financial Life and Annuity Insurance Co. et al. v. Elsner*, No. 011-07539-33 (representing life insurance companies in state RICO action alleging that enterprise defrauded insurer of prepaid commissions, and resulting in court-ordered freeze of defendant assets pending lawsuit and confidential settlement); *Medco Health*

*Solutions, Inc. et al. v. West Virginia Public Employees Insurance Agency*, 02-c-2764, Circuit Court of Kanawha County, West Virginia (representing public health insurance agency with approximately 180,000 covered lives in breach of contract and fiduciary duty counterclaims resulting in $5.5 million settlement); *West Virginia ex rel. Attorney General v. Bank of America, N.A., et al.,* No. 08-02516 (S.D. N.Y.) (claims on behalf of dozens of West Virginia government agencies alleging antitrust price fixing relating to the sale of municipal bond derivatives); *Faith Enterprises Group, Inc. v. Avis Budget Group, Inc. et al.,* No. 11-cv-03166 (ND. Ga.) (co-lead counsel in a putative class action against Avis by independent operators under RICO and for breach of fiduciary duty); *Simmons, et al. v. Valspar Corp.*, No. 10-3026 (U.S.D.C. for the District of Minnesota), national collective action brought under the FLSA.

22. Christopher Hall is a partner at Hall & Lampros, LLP who is a 1996 graduate from the University Of Georgia School of Law. After graduating from law school, he practiced law at the national law firm Lord, Bissell & Brook, LLP (now Locke Lord), for six (6) years and has been practicing Plaintiff's injury, business tort, antitrust, commercial and employment litigation for thirteen (13) years. He has tried numerous cases to jury verdict and recovered millions of dollars on behalf of his clients. He was co-lead counsel in the *Simmons v. Valspar Corp.*, *supra,* matter, a national collective action brought pursuant to the FLSA, where his billing rate was

approved by the Court at $475.00. His billing rate for this case is $475.00 per hour.

21. The undersigned attorney is an associate at Hall & Lampros, LLP and a 2015 graduate of the University of Georgia School of Law. I have been a member of the bar since 2015. My hourly rate is $250.00 per hour.

22. Adriana Ibarra Vazquez is a 2015 graduate of the Mercer School of Law. She is Licensed Legal Consultant by State Bar of Georgia, and Admitted to practice in Mexico. She practiced law in Mexico for eight (8) years. As the Plaintiff speaks Spanish, Ms. Ibarra Vazquez assisted greatly in the case. Her rate is $150.00 per hour.

23. The fees above are consistent with the rates in the local market.

Pursuant to 28 U.S.C. §1776, I declare under penalty of perjury that the foregoing is true and correct.

This the 15 September 2017

*Gordon Van Remmen*
Gordon Van Remmen

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Antonino Garcia Alvarez,  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Buffet King, Inc.,  )<br>Buffet King of Brookhaven, Inc.,  )<br>and Yong Rong Li,  )<br>  )<br>  Defendants,  )<br>_____)  | Case No. 1:16-cv-3996-AT |

**EXHIBIT 1 TO DECLARATION
OF GORDON VAN REMMEN**

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement and General Release ("Agreement") is entered into this 14th day of September, 2017 by and between Buffet King of Brookhaven, Inc. and Yong Rong Li ("Defendants") and Antonino Garcia Alvarez ("Plaintiff") (each also a "Party" and collectively the "Parties").

WHEREAS, Plaintiff contends that he was employed as a dishwasher by Defendants and Buffet King, Inc. from 2013 to October 2016; and

Plaintiff filed an action under the Fair Labor Standards Act ("FLSA") against Defendants and Buffet King, Inc. in United States District Court for the Northern District of Georgia entitled *Antonino Garcia Alvarez v. Buffet King, Inc., Buffet King of Brookhaven, Inc. and Yong Rong Li*, 1:16-CV-03996-AT in which Plaintiff seeks minimum and overtime wages under the FLSA as well as attorneys' fees and costs of litigation; and

WHEREAS, Defendants contend that neither Buffet King, Inc. or Buffet King of Brookhaven, Inc. is subject to enterprise coverage under the FLSA due to not grossing more than $500,000 per year in any year in which Plaintiff contends he was employed by Defendants; and

WHEREAS, Defendants contend that Buffet King of Brookhaven, Inc. is not a successor to Buffet King, Inc. as alleged by Plaintiff; and

WHEREAS, Defendants contend that Plaintiff was employed only from July, 2015 to October, 2016 and not from 2013 to October, 2016 as Plaintiff contends; and

WHEREAS, Plaintiff contends that he worked on average over 59 hours per week and Defendants contend that he worked at most 48 hours per week that it has paid Plaintiff all amounts owed to him in wages; and

WHEREAS, a *bona-fide* dispute exists between the Parties as to liability under the FLSA as well as amounts which may be owed under the FLSA; and

WHEREAS, the Parties mutually desire to amicably resolve any and all disputes among them in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

**(1)** The Parties must sign this Agreement for it to become effective. Further, the "Effective Date" of this Agreement shall be the date the Court approves the Parties' settlement as set forth herein. If the Court does not so approve the Parties' settlement, this Agreement is null, void, and of no effect, and neither party shall rely upon or refer to this Agreement, or the terms hereof, for any purpose in the Action.

**(2)** In consideration of the mutual execution of this Agreement, the undertakings herein, Plaintiffs' dismissal of the Action with prejudice, and the agreement to be legally bound, Defendants agree to pay or cause to be paid the gross amount of Twenty Thousand Dollars ($20,000) of which Ten Thousand Dollars ($10,000) represents wages and liquidated damages and

Ten Thousand dollars represents attorneys' fees and costs (the "Settlement Amounts"), provided that the Court in the Action approves the Parties' settlement as outlined herein. The above amounts will be paid as follows:

(a) **First payment:** Within fourteen (14) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(b) **Second Payment:** Within forty-five (45) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(c) **Third Payment:** Within seventy (75) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP";

(d) **Fourth and Last Payment:** Within one hundred five (105) days of the Court's approval of this Settlement Agreement, Defendants shall issue a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Antonino Garcia Alvarez" and a check in the gross amount of Two Thousand Five Hundred Dollars ($2,500) made payable to "Hall & Lampros, LLP".

(3) Defendants Buffet King of Brookhaven, Inc. and Yong Rong Li are jointly and severally liable for any breaches of this Agreement by Defendants.

(4) If any payments due to Plaintiff are not made at the time they are due, such payments are late. In such event, Plaintiff shall notify Defendants of the lateness of the payment. It is expressly understood and agreed that if a payment is not made in full within five (5) business days after notification of the lateness by Plaintiff, such failure to make the payment shall be deemed a "Default" by Plaintiff of Defendants' obligations pursuant to this Agreement, and that this Agreement may be terminated and cancelled by Plaintiff at his sole option and in his sole discretion, and that Plaintiff may seek to collect the full amount of the unpaid settlement proceeds by any legal means available to him. Any and all notices of lateness, including notice that this Agreement is terminated, must be sent by courier, email or facsimile to:

Mitchell D. Benjamin
DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin LLC

>3100 Centennial Tower
>101 Marietta Street, NW
>Atlanta, GA 30303
>(404) 879-3150
>(770) 859-0754 Facsimile
>benjamin@dcbflegal.com

All such notices must be capable of proof that such notice was received.

**(5)** It is further agreed that Defendants shall be liable for all reasonable collection costs incurred in event Defendants default in making any payment required by this Agreement, including attorneys' fees and costs. Except as provided herein, the Parties agree to be responsible for their own costs and expenses including attorney fees. To the extent any taxes are owed, Plaintiff hereby acknowledges that he will be individually responsible for the payment of those taxes.

**(6)** The Parties represent that there are no additional administrative charges, lawsuits, civil actions or claims of any kind pending against one another, their predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff expressly acknowledges that upon his actual receipt of all amounts set forth in Paragraph 2 hereof, he has been compensated for his claims and that, to the extent any administrative agency seeks further recovery, that, by virtue of this Settlement Agreement, he would not be entitled to any further compensation.

**(7)** This Agreement does not constitute an admission by any Party of any wrongdoing with regard to Plaintiff's employment or of any violation by any Party of any federal, state or local law, ordinance or regulation or of any liability or wrongdoing whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by any party. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

**(8)** Except for those obligations of the Parties set forth expressly and specifically below, the Parties do hereby irrevocably and unconditionally release and discharge forever each other from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were or could have been brought in this action, including the Fair Labor Standards Act ("FLSA") or similar Georgia state statutes. Based on this Agreement, Plaintiff expressly releases any claims he has or may have under the FLSA. It is expressly acknowledged that this release applies to Buffet King, Inc. and Xiu Cong Chen as well as Defendants.

**(9)** Nothing in the preceding paragraph shall be construed to waive any party's right to enforce any provision of this Agreement. It is agreed and understood that this release by the Parties is a Specific Release to be broadly construed under the FLSA, and that Buffet King, Inc., Xiu Cong Chen, Buffet King of Brookhaven, Inc. and Yong Rong Li, their employees, agents, successors, officers, and directors are hereby released by this Agreement for all wage claims which were or could have been brought in this FLSA action.

**(10)** Plaintiff agrees to draft the Joint Motion to Approve FLSA Settlement which shall be approved by Defendants' counsel as to form and content prior to filing it with the Court.

**(11)** If any provision of this Agreement or the application thereof, except the payment provision set forth in Paragraph 2 and/or release set forth in Paragraphs 8 and 9 is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable. In the event the payment provision set forth in Paragraph 2 and/or the release set forth in Paragraphs 8 or 9 is declared invalid or unenforceable in whole or in part, the Agreement shall be null and void.

**(12)** Plaintiff has carefully read and fully understands all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. Plaintiff acknowledges that he has not relied upon any representation or statement, written or oral, not set forth in this document.

**(13)** This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

**(14)** This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

**(15)** This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law. The parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the state or federal courts sitting in or for Fulton County, Georgia.

**(16)** No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

**(17)** The Parties agree to jointly submit this Agreement to the Court for approval and to take all reasonable actions consistent with this Agreement, the Court's rules, and applicable ethical rules to obtain approval. Within three days of his receipt of all Settlement Amounts, Plaintiff shall file a Stipulation of Dismissal pursuant to Rule 41(a)(ii) dismissing the Action with prejudice, and with the Parties bearing their own costs; provided, however, that the Court shall retain jurisdiction to enforce this settlement.

IN WITNESS HEREOF, THE PARTIES have executed this Agreement as of the date set forth above.

**[SIGNATURES ON FOLLOWING PAGES]**

This **14** day of September, 2017.   **А Б**

_____
Antonino Garcia Alvarez

**Buffet King of Brookhaven, Inc.**

_____[signature: Yong Rong Li]_____  Date: 9/7/17
By: YONG RONG LI, who is authorized to execute this Agreement on its behalf.

**YONG RONG LI**

_____[signature: Yong Rong Li]_____  Date: 9/7/17

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Antonino Garcia Alvarez, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-3996-AT |
| ) | |
| v. ) | |
| ) | |
| Buffet King, Inc., ) | |
| Buffet King of Brookhaven, Inc., ) | |
| and Yong Rong Li, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## EXHIBIT 2 TO DECLARATION
## OF GORDON VAN REMMEN

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Christopher Hall | 57.2 | $ 475.00 | $ 27,170.00 |
| Gordon Van Remmen | 40.9 | $ 250.00 | $ 10,225.00 |
| Adriana Ibarra Vazquez | 53.2 | $ 150.00 | $ 7,980.00 |
| | | | |
| | | total | $ 45,375.00 |